HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN R. VORHEES, and KASSI BLANCHARD, spouses,

    Plaintiffs,

v.

ESURANCE INSURANCE SERVICES, INC., an ALLSTATE INSURANCE SERVICES, INC. company, foreign corporations doing business in the State of Washington,

    Defendant.

Case No. 2:23-cv-00420-RAJ

**ORDER**

## I. INTRODUCTION

This matter comes before the Court on Defendant Esurance Insurance Services, Inc.'s ("Esurance" or "Defendant") Motion to Compel (Dkt. # 17). For the reasons stated below, Defendants' Motion to Compel is **GRANTED** in part and **DENIED** in part.

## II. BACKGROUND

**A.) Procedural Background**

Plaintiffs Justin Vorhees and Kassi Blanchard ("Plaintiffs") filed their complaint in Whatcom County Superior Court in February 2023. Dkt. # 1-2. Defendant timely removed the matter to federal court in March 2023. Dkt. # 1-1. The complaint stems from a July

ORDER – 1

2018 automobile accident that occured in Snohomish County, Washington. On July 26, 2018, Justin Vorhees ("Plaintiff" or "Vorhees") collided with a vehicle when the other driver, Steven Smith, failed to yield the right-of-way to Plaintiff. Dkt. # 1-2 ¶ 3.7-3.10. Plaintiff alleges that he experienced injuries to his neck, back, and knees, and experienced headaches, causing him to incur medical expenses and lose wages. *Id*. ¶ 3.17-3.19.

Smith was insured by Geico Indemnity Company, with a policy limit of $25,000 per person and $50,000 per accident. *Id.* ¶ 3.12. Plaintiff notified Esurance that he would pursue an underinsured motorist ("UIM") claim, and after Esurance declined to purchase Plaintiff's claim against Smith, Plaintiff received $25,000 from Geico. *Id*. ¶ 3.14, 3.15. On May 18, 2022, Plaintiff made a written demand to Esurance for economic and non-economic damages for pain and suffering and emotional distress under the provisions of his UIM policy. *Id.* ¶ 3.21. However, Vorhees found Esurance's UIM offer to be insufficient, and subsequently brought suit for breach of the insurance contract, bad faith claims handling under the Insurance Fair Conduct Act (IFCA), RCW 48.30.015, and violation of the Washington Consumer Protection Act, RCW 19.86, *et seq. Id*. ¶ 3.22-4.14. Plaintiffs argue that Esurance failed to properly investigate his lost wages claim, provided him with an inadequate UIM offer, and engaged in other acts of bad faith. Dkt. # 19 at 2. Plaintiffs seek damages resulting from the alleged breach, and under the Insurance Fair Claims Act and the Consumer Protection Act, in addition to general damages and attorney's fees. Dkt. # 1-2 ¶ 6.1-6.8.

Esurance filed its Answer, Affirmative Defenses, and Counterclaims in May 2023. Dkt. # 12. Plaintiffs' policy provided UIM coverage with a $100,000 limit for bodily injury, $100,000 for property damage, and personal injury protection coverage with a $10,000 limit. *Id.* ¶ 3.5. Esurance alleges that Vorhees failed to attend an independent medical examination ("IME") scheduled by Esurance to investigate the reasonableness, necessity, and causation of his claimed injuries. *Id.* ¶ 3.14-3.17. After Vorhees allegedly failed to attend the IME, Esurance closed Plaintiffs' claim because the available personal injury

ORDER – 2

protection coverage was exhausted. *Id.* ¶ 3.18. Esurance alleges that their investigation of the claim has revealed that Vorhees was engaging in activities (such as surfing, hiking, snowboarding, and kiteboarding) that conflict with his medical necessity claims and posting evidence of his activities on his social media. *Id.* ¶ 3.12. According to Esurance, Vorhees claims that he shut down his business, PaintLand Handyman, LLC, due to non-payment from clients (and stated this on social media), while also claiming that the accident forced him to dissolve his business venture. *Id.* ¶ 3.19. Esurance seeks a declaratory judgment that Plaintiff breached his insurance policy's terms and conditions when he concealed or made material misrepresentations to Esurance concerning the extent of his injuries and wage losses. *Id.* ¶ 5.1-5.14.

**B.) Discovery to Date**

Plaintiffs submitted initial disclosures in April 2023 in which they disclosed the names of 24 witnesses and produced 600 pages of documents, including medical bills, photographs of the collision, and wage loss documentation. Dkt. # 20 (Declaration of Zachary Mumford ISO Opposition to Defendant's Motion to Compel), ¶ 2, Ex. 1. Plaintiffs served discovery requests on Esurance in May, and Plaintiffs claim that Esurance has failed to produce full responses. Dkt. # 19 at 2. In October 2023, Esurance served Plaintiffs with its First Set of Interrogatories and Requests for Production, with Plaintiffs' responses due in November 2023. Dkt. # 18 (Declaration of Morgan A. Cooper ISO Defendant's Motion to Compel), Ex. A. After some back and forth, Plaintiffs ultimately produced their Answers on December 7, 2023. *Id*. ¶ 5. The parties held a discovery conference on December 12, 2023, and Esurance then sent a deficiency letter discussing several alleged deficiencies in Plaintiffs' responses. *Id.* ¶ 6-8. The parties again conferred on January 8, 2024, and Plaintiffs produced supplemental responses as to Interrogatory Nos. 2, 5, 7, 8, 13, and 14, and Request for Production Nos. 4, 10, and 11 on January 16, 2024. *Id.* ¶ 9-11. As part of their discovery requests, Esurance seeks discoverable materials concerning Plaintiffs' $75,000 wage loss claim and the damages Plaintiffs allege they have experienced due to

ORDER – 3

1  Esurance's conduct. Dkt. # 17 at 5. Esurance claims that Plaintiffs have failed to produce
2  documents in support of their wage loss claim, such as tax returns from the year before and
3  the year of the incident; documentation to support Plaintiffs' claim that they incurred
4  damages in association with PaintLand Handyman, LLC, such as purchasing a truck, tools,
5  marketing materials, and hiring employees; and documents supporting Plaintiffs' claim
6  that they incurred debt, experienced a change in their credit score post-accident, and lost
7  their ability to refinance debt. Dkt. # 21 at 6. At this time, Esurance contends that Plaintiff
8  have failed to fully respond to several discovery requests, and seek to compel answers to
9  Interrogatory Nos. 2, 3, 5, 7, 9, 10, 11, 12, and 13, and Request for Production Nos. 4, 5,
10 9, and 10. Dkt. # 21. The parties have filed cross-motions for partial summary judgment,
11 which are noted for May 17, 2024.

### III.  LEGAL STANDARD

The Court has broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011); *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is not privileged and that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If a party refuses to respond to discovery, the requesting party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v.*

ORDER – 4

*Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

## IV.  DISCUSSION

Esurance alleges that Plaintiffs' discovery responses remain deficient, despite the multiple deficiency letters and emails sent by Esurance and the numerous telephone conferences held by counsel. Dkt. # 25 at 11. Plaintiff opposes Esurance's motion, arguing that Vorhees has provided full information and that it is unclear what further information Defendant seeks. Dkt. # 19. Further, Vorhees contends that he has provided numerous financial and medical records supporting his claims, and will have experts testify as to several of his claims. *Id*.

**A.) Interrogatories**

Esurance seeks to compel responses to several Interrogatories:

> **INTERROGATORY NO. 2**:    Please state your employment history beginning five years before the date of the incident through to the present, including your name and address of each employer, your job title, job duties, and the dates of employment.

Plaintiff provided his employment history from 2007 to the present in his answer and supplement.

> **INTERROGATORY NO. 3**:    Please identify with specificity the facts known to you that support the allegations contained in Section III [which concerns Plaintiffs' factual allegations] of the Complaint filed in the Lawsuit.

Plaintiff objected to this Interrogatory as overly broad, and not calculated to lead to the discovery of admissible evidence. Plaintiff referred Esurance to the documentation produced in initial disclosures and pre-litigation correspondence, and stated that Plaintiff was available for a deposition.

> **INTERROGATORY NO. 5**:    If you are claiming that future medical treatment for alleged motor-vehicle-accident-related injuries will be necessary, please state the nature and estimated cost of the treatment, the name of the medical provider that recommended future treatment, the name of the medical providers who will provide the treatment and whether you are claiming permanent injury.

Plaintiff answered that his doctor informed him several years after the accident that the pain Plaintiff experienced would likely be permanent, and stated that he continues to

ORDER – 5

receive regular care at his massage therapist and chiropractor, although he stated in his supplement that could not estimate the dollar amount of future medical bills.

**INTERROGATORY NO. 7**:   Please describe all lost wages, if any, you allege were caused by the Incident.

Plaintiff referred to his business that he founded shortly before the accident, and the expenses incurred in building his business, including purchasing a truck, tools, marketing materials, and the like. Plaintiff calculated his loss as approximately $5,000 per month for 14 months. Further, Plaintiff answered that his reduction in income had a compounding effect on his broader financial health. He provided a "conservative estimate" of $150,000 in direct financial losses.

**INTERROGATORY NO. 9**:   Describe, in complete detail, why you believe Esurance violated the Insurance Fair Conduct Act and all damages that you believe were proximately caused by such conduct.

Plaintiff objected to this Interrogatory for calling for a legal conclusion, but referred to his answers to Rog Nos. 10-14. Plaintiff also stated that he retained an insurance adjusting expert to testify as to the IFCA claim. For Rog. Nos. 10-14, Plaintiff provided facts that he alleges support each of his claims.

**INTERROGATORY NO. 10**:   Describe, in complete detail, why you believe Esurance violated the Washington Consumer Protection Act and all damages that you believe were proximately caused by such conduct.

**INTERROGATORY NO. 11**:   Describe, in complete detail, why you believe Esurance breached its insurance contract with you and all damages that you believe were proximately caused by such conduct.

**INTERROGATORY NO. 12**:   Describe, in complete detail, why you believe Esurance acted in an unreasonable, frivolous, or unfounded manner at any relevant time following the incident and all damages that you believe were proximately caused by such conduct.

**INTERROGATORY NO. 13**:   If you contend that Esurance denied coverage for PIP or UIM benefits, identify the document(s) and/or communication(s) that you believe evidences such a denial of coverage.

**INTERROGATORY NO. 14**:   Identify, with specificity, all damages that you are seeking in the Lawsuit.

Dkt. # 17 at 19-26; Dkt. # 20 at 54-66 (Plaintiff's Answers and First Supplements).

ORDER – 6

In response to Interrogatory No. 2, Plaintiff provided a timeline of past and present employment, "to the best of [Mr. Vorhees's] recollection," and stated that "more specific information about his employment is available through deposition testimony." Mumford Decl., Ex. 2, 3. Vorhees did not provide job duties in his Answer. *Id.* Esurance objects to Plaintiff's response suggesting that Esurance obtain more information via deposition, noting that interrogatories must be answered "to the fullest extent possible." Dkt. # 21 at 4 (quoting *Reardon v. Progressive Northwestern Ins. Co.*, 2010 WL 11566109, at *1, C10-225-RSL (W.D. Wash. Sept. 21, 2010) (citing Fed. R. Civ. P. 33(b)(3))). This Court agrees. Given that Plaintiffs claim that Vorhees lost substantial wages, was unable to work to full capacity due to the accident, and experienced collateral effects in other aspects of his financial life, Plaintiff's work history goes to the heart of the matter. This Court **GRANTS** Esurance's request to compel supplementation of Interrogatory No. 2.

Plaintiff argues that Esurance improperly propounded several overly broad contention Interrogatories. Dkt. # 19 at 7. Esurance argues that Plaintiff fails to cite to any legal authority to support the argument that they are not obligated to provide factual details to support their claims. Dkt. # 21 at 4. This Court agrees that Interrogatory No. 3, which asks for facts supporting the allegations contained in Section III of the lawsuit, is overly broad. Indeed, Section III of Plaintiffs' Complaint is titled, "FACTUAL ALLEGATIONS." Dkt. # 1-2 at 3. "Contention interrogatories that systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations, are … overly broad and unduly burdensome." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (citing *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998)). However, the *Lucero* court went on to note that contention interrogatories that "do not encompass every allegation" made by a party are proper, especially if they are propounded after a "substantial amount of discovery has been completed." *Id.* Therefore, this Court sustains Plaintiff's objection to Interrogatory No. 3.

ORDER – 7

As to Interrogatory No. 9, Plaintiff supplemented his initial answer (which referred to his answers to Interrogatory Nos. 10-14) by stating that he retained an insurance adjusting expert to testify as to how Esurance violated IFCA. Dkt. 20, Ex. 4. However, the Court cautions Plaintiff that "an expert witness cannot give an opinion as to [his] *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004); *see also F*ed. R. Evid. 704(a). The Court agrees that Plaintiff cannot delegate their duty to respond to their expert witness. Therefore, this Court **GRANTS** Esurance's request to compel regarding Interrogatory No. 9. Plaintiff shall provide a full and complete answer to Interrogatory Nos. 2 and 9 within ten (10) days of the date of this Order.

**b.) Requests for Production**

Defendant also seeks an order compelling supplementation of the following Requests for Production:

> **REQUEST FOR PRODUCTION NO. 4**:   Produce all documents related to any Economic Damages that you will seek payment for at the time of trial.
>
> **REQUEST FOR PRODUCTION NO. 5**:   If you are making a wage loss claim or impaired earning capacity claim, produce all documents concerning your employment during the last seven (7) years, including but not limited to, your salary records, personnel records, disciplinary and evaluation records, performance records, federal income tax returns and all associated schedules.
>
> **REQUEST FOR PRODUCTION NO. 9**:   Produce all written communications (emails, letters, text messages, social media messages, etc.) between you and anyone else, or any other written documents (including but not limited to personal notes, reports, diaries, blogs) that you prepared during the Incident, any damages caused by the Incident, the handling of your insurance claim by Esurance, and any other issue related in any way to any claim, event, or issue in the Lawsuit.
>
> **REQUEST FOR PRODUCTION NO. 10**:   Produce copies of all postings on social media accounts (for example, Facebook, Twitter, Instagram, Reddit) maintained by you from the date of the Incident through the present.

Dtk. # 17 at 23-25.

ORDER – 8

Plaintiff objects to further supplementation of these Requests for Production, arguing that Esurance has the ability to obtain every social media posting by Vorhees and arguing that Esurance's "request for everything is an over reach." Dkt. # 19 at 10. But this mischaracterizes Esurance's request. Esurance does not request "everything." Instead, Esurance has requested, via Requests for Production Nos. 9 and 10, written communications related to the accident and this lawsuit and social media postings from the date of the accident through the present. Because much of Esurance's case hinges on social media posts and communications that Esurance alleges contradicts Vorhees's claim of ongoing pain and injury stemming from the accident, the requests appear to be proportional and relevant to the claims and defenses asserted by both parties, *see* Fed. R. Civ. P. 26(b)(1), and "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005). Indeed, "[i]nformation in social media which reveals that the plaintiff is lying or exaggerating his or her injuries should not be protected from disclosure." *Gordon v. T.G.R. Logistics, Inc.*, 321 F.R.D. 401, 404 (D. Wyo. 2017). Esurance's request, which is limited in temporal scope and by relevance to the accident, is reasonable.

The Court further finds Esurance's request for Plaintiff's tax returns for the year prior to the accident and the year of the accident, and any documentation supporting Plaintiff's claimed expenses relating to the purchase of a truck, tools, hiring employees, incurring debt, and other economic damages to be reasonable. Consequently, Defendants' Motion to Compel as to the Request for Production Nos. 4, 5, 9, and 10 is **GRANTED**. Plaintiff is ordered to provide an updated response to these Requests within ten (10) days of the date of this Order. If such documents or communications do not exist, Plaintiff must make an affirmative representation that he has searched for responsive material and exhausted all means of obtaining such material.

//

//

ORDER – 9

## V.  CONCLUSION

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion to Compel. Dkt. #17. Plaintiff is ordered to provide full and complete responses to Interrogatory Nos. 2 and 9 and Request for Production Nos. 4, 5, 9, and 10 within ten (10) days of the date of this Order. The parties' cross motions for partial summary judgment have been filed and are currently noted for May 17, 2024. Therefore, this Court will permit each party to submit a surreply of no more than five (5) pages to the summary judgment briefing addressing any new evidence produced pursuant to this Order. Any surreply shall be filed by May 24, 2024.

DATED this 3rd day of May, 2024.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 10